

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **V.** | § | **CASE NO. 1:01-CR-215** |
| | § | |
| **KENNEDY POLIDORE** | § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO CLARIFY

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this criminal matter to the undersigned United States Magistrate for entry of a report and recommendation on Defendant's *Motion to Clarify the Amended Order* [Clerk's doc. #29].  In the motion, the Defendant seeks clarification of an order previously entered by United States District Judge Howell Cobb[1] on April 26, 2005 [Clerk's doc. #27].  Specifically, Mr. Polidore requests that the District Court clarify the order and "compel" the Federal Bureau of Prisons to credit certain time he spent in federal custody toward his term of imprisonment.

---

[1] Judge Cobb passed away in September 2005.  Accordingly, this case was reassigned to the docket of The Honorable Marcia A. Crone, United States District Judge.

A.   Background

According to the record in this cause, on October 29, 2001, Kennedy Polidore made his initial appearance in this federal court on an Indictment returned against him by a federal grand jury charging violations of Title 21, United States Code, Section 841(a)(1).  The record further reflects that the Defendant made his appearance after the Court issued a *writ for habeas ad prosequendum*, ordering his appearance.  In other words, for his appearance in this federal court, the Marshals Service utlized the court-ordered writ to produce Mr. Polidore from state custody where he was apparently serving a term of imprisonment.  After conducting an initial appearance, appointing an attorney, and conducting an arraignment on the federal charges, United States Magistrate Wendell C. Radford entered an order of detention pending trial, detaining Mr. Polidore in the custody of the Attorney General pending the trial and ultimate resolution of this sentencing.

After Judge Cobb conducted a plea hearing and accepted Mr.Polidore's plea of guilty, he entered the final criminal judgment against Mr. Polidore in this proceeding.  Judge Cobb sentenced Mr. Polidore to 100 months imprisonment, with a term of supervised release to follow.  *See Judgment in a Criminal Case* [Clerk's doc. #23].   That judgment was returned as executed by delivering Defendant to the Federal Correctional Complex in Beaumont, Texas, on September 25, 2002.

On  April 21, 2005, the Court received a letter from Mr. Polidore, which it construed as a motion for time credit and sentencing transcript.  On April 26, 2005,  Judge Cobb granted that motion in part, and denied it as to the motion for sentencing transcript.  *See Amended Order* [Clerk's doc. #27]  The order specifically states the following:

"Defendant seeks credit for time served while in federal custody.  Prior to the filing of this

case on October 16, 2001, defendant was sentenced in the State of Texas to a term of incarceration on April 16, 2001. . . . . the Court orders credit to defendant for time served while in federal custody, beginning on October 29, 2001. However, no credit is given for the state court sentence which began prior to the filing of this cause."

Now Mr. Polidore has filed the instant motion requesting clarification of Judge Cobb's April 26, 2005 order. At the crux of the motion is Mr. Polidore's request that the Bureau of Prisons be ordered to give him credit for time he spent in federal custody on this proceeding. From his motion, the Court construes this request to be credit for the time he spent in federal custody while this case was prosecuted and went to trial; namely from October 29, 2001 (the date of his initial appearance), to April 11, 2002 (the date he was allegedly returned to state custody by the United State Marshals Service), or approximately 165 days.[2]

B.   Discussion

At the outset, the Court concludes that Mr. Polidore's previous letter to Judge Cobb and his instant motion to clarify were, in essence, intended to collaterally attack the execution of his sentence. Accordingly, the Court will generously construe Mr. Polidore's instant motion to clarify as a habeas petition pursuant to 28 U.S.C. § 2241. *See, e.g., Ojo v. INS,* 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). A petition filed under Section

---

[2] Judge Cobb sentenced Mr. Polidore and entered judgment in March 2002. However, after sentencing in this Court, he was apparently returned to state custody to serve the remainder of his state sentence for a prior state conviction. The federal judgment was not executed against him until he was delivered to the Bureau of Prisons, Federal Correctional Complex - Beaumont, Texas, on September 25, 2002, when he began service of the federal imprisonment term imposed by Judge Cobb.

**3**

2241 which attacks errors that occurred at trial or sentencing is properly construed as a 28 U.S.C. § 2255 motion. *Id.*

Only the custodial court has the jurisdiction to determine a petitioner's claims under Section 2241. *See Padilla,* at 426. A petition for habeas corpus filed under § 2241 "attacks the manner in which a sentence is carried out, and must, therefore, be filed in the district with jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (citations omitted). In contrast, a Section 2255 petition, which contests the validity of the sentence, must be filed in the sentencing court. *Id.* It follows that Section 2241 confers upon federal courts the authority to grant writs of habeas corpus "within their respective jurisdictions.*"* *Lee v. Wetzel*, at 373-74 (citing Section 2241). The Fifth Circuit has accordingly stated that the district of incarceration is the only district that has jurisdiction to entertain a Defendant's Section 2241 petition. *Id*. Citing *Hooker v. Sivley,* 187 F.3d 680, 682 (5th Cir. 1999); *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991).

According to Mr. Polidore's instant motion to clarify sentence and the address on record with the court, at the time he filed the motion, he was incarcerated in the Federal Correctional Institute (FCI) in Salters, South Carolina at the time he drafted the motion. This is evidently not in the Eastern District of Texas. Pursuant to the precedent cited above and the provisions of Section 2241, this Court does have jurisdiction to entertain the Defendant's request for time credit under Section 2241. Accordingly, this Court is not the appropriate forum to entertain his petition pursuant to Section 2241 because this Court did not have custody over Mr. Polidore at the time he filed the instant motion to clarify.

Therefore, based upon the findings and conclusions stated herein, the Court recommends

that the District Court deny Mr. Polidore's *Motion to Clarify the Amended Order* [Clerk's doc. #29] for lack of jurisdiction.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of October, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE